UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOB ANDREW PUGH,

Plaintiff,

v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,

Defendants.

CASE NO. 3:22-cv-05514-MJP-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on plaintiff's motion to appoint counsel. Dkt. 7. After reviewing the relevant record, the Court finds that there are no exceptional circumstances that require the appointment of counsel at this time and denies the motion without prejudice.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In support of his motion to appoint counsel, plaintiff lists the barriers that are common to *pro se* prisoners. For example, he states that his case is factually and legally complex, that his imprisonment will greatly limit his ability to investigate and litigate, and that having counsel will allow him to better present evidence and examine witnesses during discovery and in trial. *See* Dkt. 7. The Court has reviewed plaintiff's complaint and the factual and legal issues do not appear to be exceptionally complex. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs when they knowingly failed to prescribe proper medication to treat his serious medical condition which eventually led to further complications. *See* Dkt. 6. The balance of reasons cited by plaintiff in the instant motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that limitations in plaintiff's ability to prepare for trial due to his imprisonment were not exceptional circumstances to appoint counsel). The law dictates that

plaintiff's stated conditions, alone, do not compel this Court to appoint counsel without charge at this time.

Further, at this stage, a likelihood of success on the merits is not apparent in this matter. Defendants have not yet answered the complaint. Nor are plaintiff's claims so complex that he cannot articulate them *pro se*. In short, plaintiff does not show the exceptional circumstances warranting the appointment of counsel on his behalf.

Therefore, plaintiff's request for the appointment of counsel (Dkt. 7) is denied without prejudice, meaning that plaintiff may renew the motion at a later date upon a showing of exceptional circumstances.

Dated this 2nd day of September, 2022.

J. Richard Creatura
Chief United States Magistrate Judge